1  PHILLIP A. TALBERT
   Acting United States Attorney
2  AARON D. PENNEKAMP
   ANGELA L. SCOTT
3  Assistant United States Attorney
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone:  (916) 554-2700
5  Facsimile:  (916) 554-2900

6
   Attorneys for Plaintiff
7  United States of America

8

9              IN THE UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

   UNITED STATES OF AMERICA,            CASE NO.  21-CR-109-JAM
12
                        Plaintiff,      STIPULATION REGARDING EXCLUDABLE
13                                       TIME PERIODS UNDER SPEEDY TRIAL ACT;
            v.                           FINDINGS AND ORDER
14
   ANTONIO MENDOZA RAMOS,               CURRENT DATE: September 14, 2021
15  LEOPOLDO GONZALEZ, JR.,              PROPOSED DATE: December 14, 2021
   VICTOR MANUEL VELAZQUEZ,             COURT: Hon. John A. Mendez
16  ERASMO ZARATE SOLORZANO,
   ESTELA ACEVEDO,
17  CARLOS CANO MANZO,
   DIANA CERVANTES,
18  JOSE GENARO VARGAS-RAMIREZ,
   ALMA ADRIANA MORA MADRIGAL,
19  ALEJANDRO MORA MADRIGAL,
   FERNANDO CARDENAS, AND
20  HUMBERTO PIMENTEL CARANZA,

21                       Defendants.

22

23                         **BACKGROUND**

24         This case is set for status conference on September 14, 2021.  On May 13, 2020, this Court

25  issued General Order 618, which suspends all jury trials in the Eastern District of California "until

26  further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

27  matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

28  issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's

discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1 following the September 11, 2001 terrorist attacks and the resultant public emergency).

2 The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

3 proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-

4 exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

5 continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL

6 1589359 at \*7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is

7 detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

8 speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

9 population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

10 of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

11 (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

12 and (7) whether the district court has the ability to safely conduct a trial. *Id.*

13 In light of the foregoing, this Court should consider the following case-specific facts in finding

14 excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

15 (Local Code T4). If continued, this Court should designate a new date for the status conference. *United*

16 *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

17 "specifically limited in time").

18 **STIPULATION**

19 Plaintiff United States of America, by and through its counsel of record, and defendant

20 LEOPOLDO GONZALES, JR. by and through his counsel of record, Ryan, Roth, defendant VICTOR

21 MANUEL VELAZQUEZ, by and through his counsel of record, Kelly Babineau, defendant ERASMO

22 ZARATE SOLORZANO, by and through his counsel of record, Etan Zaitsu, defendant ESTELA

23 ACEVEDO, by and through her counsel of record, Clemente M. Jimenez, defendant DIANA

24 CERVANTES, by and through her counsel of record, Jennifer Mouzis, defendant JOSE GENARO

25 VARGAS-RAMIREZ, by and through his counsel of record, DINA LEE SANTOS, defendant ALMA

26 ADRIANA MORA MADRIGAL, by and through her counsel of record, Christina Ann-Marie

27 Diedoardo, and defendant HUMBERTO PIMENTEL CARANZA, by and through his counsel of record,

28 Jesse Garcia, hereby stipulate as follows:

1.      By previous order, this matter was set for status conference on September 14, 2021.

2.      By this stipulation, defendants now move to continue the status conference until December 14, 2021, and to exclude time between September 14, 2021, and December 14, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has produced over 100,000 pages of discovery. Additionally, the government is in the process of producing voluminous audio and audio/video discovery, including interceptions over multiple wiretapped telephones as well as recordings of controlled purchases of narcotics. Many of the recordings are in Spanish.

b)      Counsel for defendants desire additional time to consult with their clients, review the current charges, conduct investigations and research related to the charges, review discovery, discuss potential resolutions, prepare pretrial motions and to otherwise prepare for trial.

c)      Additionally, given the voluminous discovery and the fact that this case involved a multi-line wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself prior to December 14, 2021.

d)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      No defendant has invoked his/her speedy trial rights since the inception of the case.

f)      The government does not object to the continuance.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 14, 2021 to December 14, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4] because it results from a continuance granted by the Court at

1    defendant's request on the basis of the Court's finding that the ends of justice served by taking

2    such action outweigh the best interest of the public and the defendant in a speedy trial.

3        4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the

4    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

5    must commence.

6        IT IS SO STIPULATED.

7

8

9    Dated:  September 9, 2021                         PHILLIP A. TALBERT
                                                        Acting United States Attorney

10

11                                                     /s/ ANGELA L. SCOTT
                                                       ANGELA L. SCOTT
12                                                     Assistant United States Attorney

13

14    Dated:  September 9, 2021                        /s/ RYAN ROTH per email
                                                       authorization
15                                                     RYAN ROTH
                                                       Counsel for Defendant
16                                                     LEOPOLDO GONZALEZ, JR.

17

18

19    Dated:  September 9, 2021                        /s/ KELLY BABINEA per email
                                                       authorization U
20                                                     KELLY BABINEAU
                                                       Counsel for Defendant
21                                                     VICTOR MANUEL
                                                       VELAZQUEZ
22

23

24    Dated:  September 9, 2021                        /s/ ETAN ZAITSU per email
                                                       authorization
25                                                     ETAN ZAITSU
                                                       Counsel for Defendant
26                                                     ERASMO ZARATE
                                                       SOLORZANO
27

28

Dated:  September 9, 2021

/s/ CLEMENTE M. JIMENEZ per email authorization

CLEMENTE M. JIMENEZ
Counsel for Defendant
ESTELA ACEVEDO

Dated:  September 9, 2021

/s/ JENNIFER MOUZIS per email authorization

JENNIFER MOUZIS
Counsel for Defendant
DIANA CERVANTES

Dated:  September 9, 2021

/s/ DINA LEE SANTOS per email authorization

DINA LEE SANTOS
Counsel for Defendant
JOSE GENARO VARGAS-RAMIREZ

Dated:  September 9, 2021

/s/ CHRISTINA ANN-MARIE DIEDOARDO per email authorization

CHRISTINA ANN-MARIE DIEDOARDO
Counsel for Defendant
ALMA ADRIANA MORA MADRIGAL

Dated:  September 9, 2021

/s/ JESSE GARCIA per email authorization

JESSE GARCIA
Counsel for Defendant
HUMBERTO PIMENTEL CARANZA

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED.

Dated:  September 9, 2021

/s/ John A. Mendez

THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE