PHILLIP A. TALBERT
Acting United States Attorney
AARON D. PENNEKAMP
ANGELA L. SCOTT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO MENDOZA RAMOS,<br>LEOPOLDO GONZALEZ, JR.,<br>VICTOR MANUEL VELAZQUEZ,<br>ERASMO ZARATE SOLORZANO,<br>ESTELA ACEVEDO,<br>CARLOS CANO MANZO,<br>DIANA CERVANTES,<br>JOSE GENARO VARGAS-RAMIREZ,<br>ALMA ADRIANA MORA MADRIGAL,<br>ALEJANDRO MORA MADRIGAL,<br>FERNANDO CARDENAS, AND<br>HUMBERTO PIMENTEL CARANZA,<br><br>Defendants. | CASE NO. 21-CR-109-JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>CURRENT DATE: December 14, 2021<br>PROPOSED DATE: March 1, 2022<br>COURT: Hon. John A. Mendez |

**BACKGROUND**

This case is set for status conference on December 14, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."

General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and other orders require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant LEOPOLDO GONZALES, JR. by and through his counsel of record, Ryan, Roth, defendant VICTOR MANUEL VELAZQUEZ, by and through his counsel of record, Kelly Babineau, defendant ERASMO ZARATE SOLORZANO, by and through his counsel of record, Etan Zaitsu, defendant ESTELA ACEVEDO, by and through her counsel of record, Clemente M. Jimenez, defendant DIANA CERVANTES, by and through her counsel of record, Jennifer Mouzis, defendant JOSE GENARO VARGAS-RAMIREZ, by and through his counsel of record, DINA LEE SANTOS, defendant ALMA ADRIANA MORA MADRIGAL, by and through her counsel of record, Christina Ann-Marie Diedoardo, defendant HUMBERTO PIMENTEL CARANZA, by and through his counsel of record, Jesse Garcia, and defendant FERNANDO CARDENAS, by and through his counsel of record, Tasha

Chalfant, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on December 14, 2021.

2. By this stipulation, defendants now move to continue the status conference until March 1, 2022, and to exclude time between December 14, 2021, and March 1, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(ii), (iv) [Local Codes T2 and T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has produced over 100,000 pages of discovery. Additionally, the government is in the process of producing voluminous audio and audio/video discovery, including interceptions over multiple wiretapped telephones as well as recordings of controlled purchases of narcotics. Many of the recordings are in Spanish.

   b) Counsel for defendants desire additional time to consult with their clients, review the current charges, conduct investigations and research related to the charges, review discovery, discuss potential resolutions, prepare pretrial motions, and otherwise prepare for trial.

   c) Additionally, given the voluminous discovery and the fact that this case involved a multi-line wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself prior to March 1, 2022.

   d) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e) No defendant has invoked his/her speedy trial rights since the inception of the case.

   f) The government does not object to the continuance.

   g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 14, 2021 to March 1, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), (iv) [Local

Codes T2 and T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 7, 2021            PHILLIP A. TALBERT
                                    Acting United States Attorney


                                    /s/ AARON D. PENNEKAMP
                                    AARON D. PENNEKAMP
                                    Assistant United States Attorney


Dated:  December 7, 2021            /s/ RYAN ROTH
                                    RYAN ROTH
                                    Counsel for Defendant
                                    LEOPOLDO GONZALEZ, JR.


Dated:  December 7, 2021            /s/ KELLY BABINEAU
                                    KELLY BABINEAU
                                    Counsel for Defendant
                                    VICTOR MANUEL
                                    VELAZQUEZ


Dated:  December 7, 2021            /s/ ETAN ZAITSU
                                    ETAN ZAITSU
                                    Counsel for Defendant
                                    ERASMO ZARATE
                                    SOLORZANO

| | |
|---|---|
| Dated: December 7, 2021 | /s/ CLEMENTE M. JIMENEZ<br>CLEMENTE M. JIMENEZ<br>Counsel for Defendant<br>ESTELA ACEVEDO |
| Dated: December 7, 2021 | /s/ JENNIFER MOUZIS<br>JENNIFER MOUZIS<br>Counsel for Defendant<br>DIANA CERVANTES |
| Dated: December 7, 2021 | /s/ DINA LEE SANTOS<br>DINA LEE SANTOS<br>Counsel for Defendant<br>JOSE GENARO VARGAS-RAMIREZ |
| Dated: December 7, 2021 | /s/ CHRISTINA ANN-MARIE DIEDOARDO<br>CHRISTINA ANN-MARIE DIEDOARDO<br>Counsel for Defendant<br>ALMA ADRIANA MORA MADRIGAL |
| Dated: December 7, 2021 | /s/ JESSE GARCIA<br>JESSE GARCIA<br>Counsel for Defendant<br>HUMBERTO PIMENTEL CARANZA |
| Dated: December 7, 2021 | /s/ TASHA CHALFANT<br>TASHA CHALFANT<br>Counsel for Defendant<br>FERNANDO CARDENAS |

## ORDER

IT IS SO FOUND AND ORDERED this 7th day of December, 2021.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE